UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| CURTIS L. MAJORS | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:14-0099 |
| | ] | Judge Trauger |
| SHARON TAYLOR, WARDEN | ] | |
| Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Sharon Taylor, Warden of the Northeast Correctional Complex, seeking a writ of habeas corpus.[1]

**I. Background**

In April, 2007, a jury in Davidson County found the petitioner guilty of simple possession of cocaine and tampering with evidence. Docket Entry No.11-1 at pg.45. For these crimes, he received an aggregate sentence of fifteen (15) years in prison. *Id.* at pgs.47-48.

In a split decision, a panel of the Tennessee Court of

---

[1] At the time this action was filed, the petitioner was an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He has since been transferred to his present place of confinement. Docket Entry No.12.

1

Criminal Appeals affirmed the tampering conviction and sentence.[2] Docket Entry No.11-12. The Tennessee Supreme Court later upheld the ruling of the lower court. State v. Majors, 318 S.W.3d 850 (Tenn.2010); Docket Entry No.11-17.

A post-conviction petition was then filed in the Criminal Court of Davidson County. Docket Entry No.11-18 at pgs.26-38. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.103-113. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.11-24. No further review of the conviction was sought by the petitioner.

## II. Procedural History

On January 14, 2014, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition contains three claims for relief. These claims include:

1) the evidence was insufficient to support the tampering conviction;

2) the petitioner was denied the effective assistance of trial counsel[3]
    a) for failure to move to suppress the State's evidence as the product of

---

[2] On direct appeal, the petitioner only sought review of the tampering conviction.

[3] At trial, the petitioner was represented by J.David Wicker, a member of the Nashville Bar.

>                an illegal search; and
>             b) for failing to object to the testimony
>                of Lt. Mackall.

Upon its filing, the Court examined the petition and determined that the petitioner had stated a colorable claim for relief. Rule 4, Rules --— § 2254 Cases. As a consequence, an order (Docket Entry No.4) was entered directing the respondent to file an answer, plead, or otherwise respond to the petition.

Presently before the Court is the respondent's Answer (Docket Entry No.11), to which the petitioner has offered no Reply.

Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

In her Answer, the respondent concedes that the petitioner's claims have been fully exhausted on the merits in the state courts during either the direct appeal or post-conviction proceedings.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780

(2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law *or* involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389. The petitioner must show that the state court's ruling on the claim being presented was so lacking in justification that there was an "error well understood and comprehended in existing law beyond any possibility for fairminded disagreement". Harrington, *supra* at 131 S.Ct. 786-787.

**1.) Sufficiency of the Evidence**

The petitioner alleges that there was insufficient evidence to support his conviction for tampering with evidence (Claim No.1). More specifically, the petitioner complains that there was no proof offered to show exactly what evidence had been tampered with.

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789. The only question this Court need answer "is whether that finding was so unsupportable as to fall below the threshold of bare rationality." Cavazos v. Smith, 132 S.Ct. 2,4 (2011).

Petitioner's sufficiency of the evidence claim was presented to the state courts during the direct appeal of his conviction. Docket Entry No.11-7. A jury found the petitioner guilty of tampering with evidence. Docket Entry No.11-1 at pg.45. A state appellate court determined that there was sufficient evidence to support petitioner's tampering conviction. Docket Entry No.11-12. This claim, therefore, will provide a basis for federal habeas

relief only if the Court finds that the ruling of the state courts on this issue was either contrary to or was an unreasonable application of clearly established federal law. Williams, *supra.*

In Tennessee, it is unlawful for a person, knowing that an investigation or official proceeding is pending or in progress, to .... alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding ...". Tenn. Code Ann. § 39-16-503(a)(1).

On October 12, 2005, seven Metro police officers executed a search warrant at a Nashville apartment. Upon entry into the apartment, the petitioner was seen "at the top of the steps in the kitchen seated at a kitchen table". He noticed the police officers and bolted out of view. Docket Entry No.11-2 at pg.17.

The search team wore protective vests marked "POLICE". *Id.* Members of the team yelled "police" and "search warrant" as they entered the apartment. *Id.* at pg.18. It was clear that the petitioner saw the officers and heard them yelling "police". *Id.* at pg.22.

Immediately thereafter, members of the search team heard a toilet flushing and apprehended the petitioner at the bathroom door. *Id.* There was water splattered on the toilet seat and the tank was still refilling with water, but there was nothing in the toilet bowl. *Id.* at pg.23. The bathroom door had not been closed

and the petitioner was not in a state of undress. *Id.* at pg.50.

At the table where the petitioner had been sitting, officers found a white powdery substance. *Id.* at pg.23. This substance proved to be cocaine. *Id.* at pg.78. The petitioner was read his Miranda rights. *Id.* at pg.31. He admitted that the cocaine found on the table belonged to him. *Id.* at pg.32. However, when asked what he flushed down the toilet, the petitioner simply told the officers "I snort. Repeatedly". *Id.* A digital scale, along with other drug paraphernalia, was found in the apartment. *Id.* at pgs.23-27.

There can be little doubt that the petitioner was aware that police officers had entered the apartment to execute a search warrant. Thus, he knew that a police investigation was in progress. The crux of petitioner's sufficiency claim, though, is that no one saw him flush anything down the toilet. Therefore, he could not possibly be charged and convicted of tampering with evidence.

To be sure, there was no direct evidence showing that the petitioner flushed anything down the toilet. The evidence against him in this regard was purely circumstantial. However, circumstantial evidence can be used to support a conviction. McKenzie v. Smith, 326 F.3d 721,727 (6th Cir.2003). Such evidence need not remove every reasonable hypothesis except that of guilt. Apanovitch v. Houk, 466 F.3d 460,488 (6th Cir.2006).

The jury heard that the petitioner dashed out of sight when he saw the police officers enter the apartment. He had been sitting at

a kitchen table where the police found cocaine. Moments later, the officers heard a toilet flushing and found the petitioner outside the bathroom door. Officers testified that it was common practice for suspects to flush drugs and other contraband down the toilet during a raid. Docket Entry No.11-2 at pgs.63-66. The bathroom door had not been closed as one would expect from someone using the toilet for legitimate purposes. Nor was the petitioner in any state of undress. When questioned, the petitioner never denied flushing the toilet. From these circumstances, any rational juror could have found that the petitioner had dumped evidence in the bowl and flushed the toilet to avoid its seizure. For that reason, the Court finds that the state courts did not violate federal law by ruling that the evidence was sufficient to support the tampering conviction.

2**.) Ineffective Assistance of Counsel**

The petitioner's remaining claims allege two instances in which trial counsel was ineffective. First, counsel was allegedly ineffective for failing to move to suppress the State's evidence as the product of an illegal search (Claim No.2a). Second, counsel was allegedly ineffective for failing to object to the testimony of Lt. Mackall (Claim No.2b).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of

this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Counsel did not file a pre-trial motion to suppress the evidence seized pursuant to the search warrant. The petitioner contends that this failure constitutes ineffective assistance (Claim No.2a).

At the post-conviction evidentiary hearing, counsel testified that he felt there were problems with the search warrant. Docket Entry No.11-19 at pg.27. The petitioner, however, did not live at the apartment being searched by the police. For that reason, counsel did not believe that the petitioner had standing to question the search. *Id.* at pg.28.

The capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded space but upon whether the person who claims the protection of the Amendment had

9

a legitimate expectation of privacy in the invaded space. Katz v. United States, 389 U.S. 347,353 (1967). Thus, it has been held that an overnight guest has standing to challenge a search of his host's apartment, Minnesota v. Olson, 495 U.S. 91,96-100 (1990), whereas a casual visitor has no such standing. Rakas v. Illinois, 439 U.S. 128,142 (1978).

The petitioner testified that he planned to spend the night on the evening that police searched the apartment. Docket Entry No.11-19 at pg.11. He did not, however, arrive at the apartment with an overnight bag, petitioner lived with his mother, he only spent the night occasionally, he did not have a key to the apartment, he did not receive mail there, he did not keep clothes at the apartment, and he had no voice in who could or could not enter the apartment. *Id.* at pgs.23-25.

In light of these circumstances, the state trial court found that the petitioner had been a casual visitor to the apartment rather than an overnight guest on the evening of the search.[4] Docket Entry No.11-18 at pg.109-110. This determination by the state court of a factual issue (petitioner's intent to spend the night) is presumed to be correct, and can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has

---

[4] In a footnote, the trial judge also observed that the petitioner was on probation at the time of the search, thus reducing even more his expectation of privacy. Docket Entry No.11-18 at pg.109,n.2.

offered no clear and convincing evidence that he was an overnight guest rather than a casual visitor on the night of the search.

As a casual visitor to the apartment, the petitioner had no expectation of privacy sufficient to challenge the legality of the search. Rakas, *supra.* The state courts, then, were well within the scope of federal law when they determined that counsel had not been deficient by failing to seek the suppression of evidence obtained during the search. Docket Entry No.11-18 at pg.110; Docket Entry No.11-24 at pg.7.

The petitioner's final claim is that counsel had been ineffective for failing to object to the testimony offered by Lt. Mackall (Claim No.2b).

Lt. Mackall was recognized by the trial court as an expert in the field of narcotics investigations. Docket Entry No.11-2 at pg.59. He was allowed to testify that, in his experience, suspects often attempted to destroy evidence by flushing it down a toilet. *Id.* at pgs.63-66.

At the evidentiary hearing, counsel stated that Lt. Mackall had been routinely qualified as an expert in his field by all the Criminal Court judges in Davidson County. Docket Entry No.11-19 at pg.39. He further averred that, as a matter of strategy, he chose not to aggressively challenge Lt. Mackall on his qualifications, so as to minimize his effect on the jury. *Id.* at pgs.39-40.

Earlier in the trial, Officer Traughber of the search team

testified that "It's very common, when we would hit search warrants, for people to run to the bathroom and try to flush narcotics ... That was my first inclination of what had happened." *Id.* at pg.32. Thus, the jury had already been informed by a witness in what way the flushing toilet was significant. Lt. Mackall's testimony, therefore, was cumulative at best. As such, the petitioner was not prejudiced by its introduction. In the absence of prejudice, counsel was not ineffective in this regard. Strickland, *supra*.

### IV. Conclusion

The state courts determined that the petitioner's fully exhausted claims lacked merit. The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge